No. 32,606

F. L. Marts, *Appellee*, v. Harold Wilt, *Appellant*.

(53 P. 2d 869)

Opinion filed January 25, 1936.

*Harry O. Janicke,* of Winfield, *Robert C. Foulston, George L. Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith* and *C. H. Morris,* all of Wichita, for the appellant.

*E. T. Bloomer,* of Winfield, *W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *William E. Cunningham,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for damages for injuries sustained by being thrown off a truck on account of the negligence of the driver. The verdict was in favor of defendant. The trial court overruled a demurrer of defendant to the evidence. After the verdict the trial court sustained the motion of plaintiff for a new trial on two specific grounds. Defendant appeals from the order overruling the demurrer to plaintiff's evidence and from the order granting the plaintiff a new trial.

Plaintiff was employed on an FERA project in Cowley county. Every morning the men employed on different projects met at the courthouse. From there they were transported in trucks to their work. Defendant was a truck driver in the employ of the county. On the morning when the injury to plaintiff occurred plaintiff was

assigned to ride to work on the truck driven by defendant. The back of the truck was a flat bed with a piece of steel around the edge about three inches high. On each side there was a 3 by 12 plank laid down flat on the truck bed. This made it about even with the piece of steel. Plaintiff was sitting on the plank on the left-hand side of the truck over the rear wheel with his legs hanging over the side. On the way to the job where plaintiff was employed this truck was being driven north on a street in Winfield. At a certain corner the route compelled this truck to turn to the east. There was a depression running parallel with the street upon which the truck was being driven north. This depression was about twelve inches deep. From the corner on east there was quite a steep hill. When the truck turned this corner plaintiff was thrown from the truck and injured. The conclusion reached by this court makes it necessary to consider only the demurrer to the evidence of plaintiff.

The negligence with which the petition charges defendant is that he operated the truck at a high, careless, reckless and negligent rate of speed. It charged that this speed was thirty miles an hour. The petition further charged that the truck was "jerked and swerved" so as to cause the back end of the truck to "whip and skid"; also, that it struck the depression and bump in "a rough and violent manner." The petition further alleged that these things were done "without giving an adequate warning or slowing down said truck." At the trial of the case the charge of excessive speed was not relied on.

On consideration of a demurrer to the evidence all evidence favorable to sustaining the cause of action must be taken as true. Further, all reasonable inferences to be drawn from that evidence must be indulged in favor of the plaintiff. With this rule in mind, we will examine the record in this case.

All parties admit that the truck turned the corner; that the depression had to be crossed as the truck turned east; and that the plaintiff was thrown off and injured. Indeed, there is but little dispute about the details. We will use the testimony of plaintiff for that. He gave the speed as the truck reached the corner driving north at twelve or fifteen miles an hour. He testified the truck hit the drainage ditch at an angle; that he would judge there was room enough to have pulled over so that the truck would have hit the drainage ditch almost squarely. He testified further—

"A. That truck when it hit that depression it gave it an awful—throwed it sideways—first go down on one side then down on the other—hit it in a slant.

"Q. Was it a severe jolt? A. It was.

"Q. Did that dislodge you? A. It did.

"Q. You said something here and they have said something about shifting gears. Were those gears shifted there as you were coming around that turn? A. It was shifted, I believe, right on the turn.

"Q. Did that cause any jerking motion of the truck in addition to this side bounce you told us about? A. When he shifted the gears he had to release his clutch, then when he let his clutch back in it jerked the truck.

"Q. Did that jerk come at the same time this side motion was going on as you crossed there? A. Yes, sir.

"I did everything I could to prevent myself from being thrown off. I was thrown, I would say, eight or ten feet to the north of the truck."

When analyzed it will be seen that the speed of this truck was nothing out of the ordinary. It could not have been driven much slower and kept going at all. This leaves the facts that the truck hit the depression at an angle and shifted gears while turning the corner as the acts of negligence. The defendant did not owe the plaintiff the duty to exercise an unusually high degree of care. He was bound to operate the truck as an ordinary reasonable man would operate it. Plaintiff argues that defendant should have swung over to the west when approaching the corner so that he could have turned to the east and hit the depression squarely. The argument is that had the turn been made in this way there would have been no lurching of the truck. There are two drawbacks to that argument. The first is this court cannot say that an ordinarily reasonable man would have swung out to the west and then turned so as to hit the ditch squarely. In fact, that way of making the turn appears to this court to be an unusual manner in which to make the turn. The second is that this court is not convinced that hitting the depression squarely would not have shaken plaintiff up just about as badly as hitting it on a slant. The matter is so close that we cannot say that the failure to make the turn in that manner constituted negligence.

There remains the matter of the shifting of gears while turning the corner. The record is not clear, but since there was a steep hill just ahead it is a safe assumption that the shift was into a lower gear. This was such a natural and ordinary procedure that this court cannot say that the act of defendant in doing it was anything that the ordinarily reasonable man would not have done. It follows

that the demurrer of defendant to the evidence should have been sustained.

The judgment of the trial court is therefore reversed with directions to enter judgment for the defendant.